IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRED QUIMBY, JONATHAN QUIMBY,
JOSHUA QUIMBY, JASON QUIMBY,
and RHONDA McSHAN,

       Plaintiffs,

  v.

FRANCISCO J. YRAGUEN, and
PATRICIA SULLIVAN,

       Defendants.

Civil No. 05-312-AS

FINDINGS AND RECOMMENDATION

    FRED QUIMBY
    JONATHAN QUIMBY
    JOSHUA QUIMBY
    JASON QUIMBY
    RHONDA McSHAN
    PMB 178 3388
    3388 B. Merlin Rd.
    Grants Pass, OR  97526

       Plaintiffs *Pro Se*

1 - FINDINGS AND RECOMMENDATION -

```
     CAMILLA E. JOHNSTON
     Department of Justice
     Trial Division
     Commercial & Environment Litigation
     1162 Court Street
     Salem, OR  97301
```

     Attorney for Defendants

ASHMANSKAS, Magistrate Judge.

Plaintiffs bring this civil action against Defendants Yraguen and Sullivan *pro se*. Currently before the court is Defendants' Motion to Dismiss (#7). For the reasons that follow, Defendants' motion should be GRANTED, and Plaintiffs' Complaint should be DISMISSED, with prejudice.

## BACKGROUND

Plaintiff Fred Quimby alleges Defendant Patricia Sullivan, a District Attorney, and Defendant Francisco Yraguen, a Circuit Court Judge, violated Plaintiff's rights in connection with a prosecution and conviction on charges of Burglary in the First Degree, Theft in the First Degree, and Menacing. Plaintiff Fred Quimby purports to file this action on his own behalf and on behalf of family members Rhonda McShan and Jonathan, Joshua, and Jason Quimby. Only Plaintiff Fred Quimby signed the Complaint.

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12. Defendants contend they are entitled to absolute immunity from this action.

## LEGAL STANDARDS

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given

3 - FINDINGS AND RECOMMENDATION -

leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. <u>Karim-Panahi</u>, 839 F.2d at 623; <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## **DISCUSSION**

### I.  **Judicial Immunity**

Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. <u>Mireles v. Waco</u>, 502 U.S. 9, 9 (1991) (per curiam).  A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  Judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978).

Plaintiff does not make any direct allegations against Defendant Yraguen.  It is clear, however, that whatever action of Judge Yraguen that Plaintiff disagrees with was a judicial action performed as part of his judicial functions.  Accordingly, Judge Yraguen is absolutely immune from this action.

## II. **Prosecutorial Immunity**

Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the State performing functions intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case. Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984), cert. denied, 469 U.S. 1127 (1985).

Plaintiff's allegations against Defendant Patricia Sullivan go directly to the heart of the criminal case she prosecuted against him. Accordingly, Defendant Sullivan is also entitled to absolute immunity from this action.

## III. *Pro Se* **Plaintiff Fred Quimby's Attempt to Represent Family Members' Interests**

A non-lawyer may not file papers with the court or otherwise represent the rights of a *pro se* litigant. C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987) (citation omitted); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966); Russell v. United States, 308 F.2d 78 (9th Cir. 1962). As noted, Fred Quimby is the only Plaintiff who signed the Complaint in this action. To the extent *pro se* Plaintiff Fred Quimby seeks to assert claims on behalf of the other named Plaintiffs, he may not

do so. Accordingly, the claims of Plaintiffs Rhonda McShan and Jonathan, Joshua, and Jason Quimby must be dismissed.

## **RECOMMENDATIONS**

Based on the foregoing, Defendants' Motion to Dismiss (#7) should be GRANTED. Because it is clear the deficiencies of Plaintiffs' Complaint cannot be corrected by amendment, the dismissal should be WITH PREJUDICE, and final judgment should be entered in this action.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation(s), if any, are due July 22, 2005. If no objections are filed, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

If objections are filed, the response is due no later than August 5, 2005. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

DATED this 7th day of July, 2005.

        /s/ Donald C. Ashmanskas
        Donald C. Ashmanskas
        United States Magistrate Judge